IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUAN CARLOS SALINAS SAMPAYO,      )
                                  )
          Petitioner,             )
                                  )
     v.                           )
                                  )     1:26-cv-00890 (AJT/IDD)
MARKWAYNE MULLIN, *et al.*,        )
                                  )
          Respondents.            )

**ORDER**

Before the Court is Juan Carlos Salinas Sampayo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on April 1, 2026. [Doc. No. 1]. By order dated April 2, 2026, the Court ordered the Government to respond to the Petition within six days, [Doc. No. 2], and Respondents timely submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 4].

Petitioner is a native and citizen of Mexico, who is alleged to have entered the United States without inspection sometime in 2003. [Doc. No. 1] at 1. On March 7, 2026, the Petitioner was arrested by a local law enforcement officer and charged with Driving While Intoxicated; at an unspecified time thereafter, Petitioner was transferred directly into immigration custody at the Farmville Detention Facility, where he remains. *Id*. ¶¶ 41-42. He further alleges that he has not been provided with a bond hearing. *Id*. at 2.

In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s

mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are **ENJOINED** from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
April 9, 2026

Anthony J. Trenga
Senior United States District Judge

2